IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| LAMAR HARRISON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:23-CV-00111 |
| | § | |
| CR ENGLAND, INC. | § | |
| | § | |
| Defendant. | § | <u>JURY TRIAL DEMANDED</u> |

<u>ORIGINAL COMPLAINT</u>

Plaintiff Lamar Harrison, for his Original Complaint against Defendant CR England Inc., would show as follows:

<u>Parties</u>

1.      Plaintiff is an individual citizen of the state of Texas.

2.      Defendant is a corporation whose principal place of business is Salt Lake City, Utah and corporate residence in the state of Texas is 8421 Amparan Road Laredo, Texas 78045.

<u>Jurisdiction and Venue</u>

3.      Jurisdiction arises under federal question pursuant to Title VII 2 U.S.C. § 1311. Venue is proper under U.S.C. § 1391(b)(1) and 1391(d).

<u>Facts</u>

4.      From time to time since January 18, 2023, Plaintiff was employed by Defendant as a truck driver.

5.      While employed by Defendant on March 27, 2023, Plaintiff was injured in the course and scope of employment. In April 2023 Plaintiff began receiving workers' compensation.

<u>COMPLAINT</u> – Page 1

6.      Following his workplace accident, Plaintiff began experiencing retaliation and discrimination from Defendant's agents, including but not limited to comments about not being able to go to the doctor and receiving threats from his supervisor.  Moreover, Defendant's agent— and Plaintiff's supervisor—used derogatory and racial slurs against Plaintiff while in the course and scope of employment for Defendant.

7.      At all relevant times, Plaintiff reported these incidents to Defendant's human resources department and other agents. After filing an internal complaint, Plaintiff began experiencing further retaliation and was terminated on May 21, 2023.

8.      Plaintiff reporting the racial discrimination and adverse retaliation he experienced because of his workplace injuries was protected conduct.

9.      Plaintiff was subjected to discrimination, and also subjected to retaliation for so engaging in protected conduct.

10.      On account of Plaintiff's loss of employment occurring May 21, 2023, Plaintiff has suffered lost compensation and benefits and compensatory damages.

11.      At all relevant times, Defendant and its agents knew that Plaintiff was a member of a protected class based on his race and ethnicity.  Despite this, Defendant and its agents knowingly committed and ratified discriminatory conduct towards Plaintiff, resulting in his termination. Such conduct caused severe emotional distress and harm to Plaintiff.

12.      At all relevant times, Defendant and its agents knew that Plaintiff was a member of a protected class based on his work-related injuries. Despite this, Defendant and its agents knowingly committed and ratified discriminatory conduct towards Plaintiff, resulting in his termination. Such conduct caused severe emotional distress and harm to Plaintiff.

AMENDED COMPLAINT – Page 2

13.     All condition precedents have been met.  Attached hereto as **Exhibit A** is Plaintiff's Notice of Right to Sue provided by the Equal Employment Opportunity Commission.

<u>Claims</u>

14.     Plaintiff, for his first cause of action, would show that he was subjected to discrimination on the basis of his race and ethnicity in violation of Title VII 2 U.S.C. § 1311. He is accordingly entitled to recover his actual damages, punitive damages, attorney's fees, prejudgment interest, post-judgment interest, and costs of court.

15.     For his second cause of action, Plaintiff would show that he was subjected to retaliation in violation of Title VII 2 U.S.C. § 1311 for  engaging in protected  conduct, including complaining about unlawful discriminatory conduct of Defendant. He is accordingly entitled to recover his actual damages, punitive damages, attorney's fees, prejudgment interest, post-judgment interest, and costs of court.

16.     For his third cause of action, Plaintiff would show that he was terminated in violation of Title VII 2 U.S.C. § 1311 for engaging in protected  conduct, including complaining about unlawful discriminatory conduct of Defendant and adverse retaliation for obtaining medical care related to workers' compensation. He is accordingly entitled to recover his actual damages, punitive damages, attorney's fees, prejudgment interest, post-judgment interest, and costs of court.

17.     Plaintiff demands a jury.

*Continue to Next Page*

<u>AMENDED COMPLAINT</u> – Page 3

Prayer

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that judgment be rendered

against Defendant CR England, Inc., for an amount in excess of the jurisdictional limits of this

Court. Plaintiff further prays for all other relief, both legal and equitable, to which he is entitled.

**Respectfully submitted,**

*/s/ Taylor M. Hunter*
Taylor M. Hunter
TX State Bar No. 24106123
taylor@thehunterlaw.com
Hunter Law Corporation,
PC Texas Office
4131 North Central
Expressway Suite 900
Dallas, Texas 75204
(214) 206 – 1200
(214) 206 – 1220 (facsimile)

**COUNSEL FOR PLAINTIFF**

# EXHIBIT A

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Dallas District Office**
207 S. Houston Street, 3rd Floor
Dallas, TX 75202
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 07/27/2023

**To:** Lamar Harrison

Charge No: 451-2023-02790

EEOC Representative and email:     KATERINE MEJIA MERCEDES
Investigator
Katerine.Mejia-Mercedes@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 451-2023-02790.

On behalf of the Commission,

07/27/2023

For Travis M. Nicholson
District Director

**Cc:**
Jared Parrish
C.R England
4701 W 2100 S
Salt Lake City, UT 84120


Please retain this notice for your records.